PROB 12C
(06/17)

April 15, 2021
pacts id: 6980693

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

SA 22 - 560 M

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** David Skea (English)  **Dkt No.:** 20CR01307-001-GPC

**Reg. No.:** 95218-298

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** Cts. 2-7: 8 U.S.C. § 1324(a)(1)(A)(ii), Transportation of Certain Aliens, a Class C felony.

**Date of Sentence:** December 16, 2020

**Sentence:** Cts. 2 & 4-7: 10 months' custody; Ct. 3: 10 months' and 1 day custody, all counts to run concurrent; with 3 years' supervised release, concurrent as to all counts. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** March 8, 2021

**Asst. U.S. Atty.:** Ashley E. Goff   **Defense Counsel:** Chloe S. Dillon, Fed. Def.'s Inc.
(619) 546-9735   (619) 234-8467

**Prior Violation History:** None.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB12(C)
Name of Offender: David Skea                                                                    April 15, 2021
Docket No.: 20CR01307-001-GPC                                                                   Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On March 23, March 26, April 2, and April 5, 2021, Mr. Skea failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit urine specimens to the United States Probation Officer as required. |
| **(Standard Condition)** Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | |

***Grounds for Revocation:*** As to allegation 1, I have received and reviewed the Chain of Custody for Drug Analysis forms, which confirm that on each of the above dates, Mr. Skea failed to submit a urine sample, as required. On or about March 16, 2021, the probation office reviewed written instructions for drug testing with Mr. Skea, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Skea was instructed to call the drug testing line after 8:15pm the day before each drug testing day to hear if he was to report for testing, and report for testing if instructed in the automated testing line recording. Testing days are Monday through Friday. A review of the automated drug testing line records indicate that Mr. Skea has not called the automated drug testing line a single time since he was officially enrolled in testing on March 18, 2021.

| | |
|---|---|
| **(Special Condition)** Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. | 2. On or about March 24, 2021, Mr. Skea failed to report for dual diagnosis (mental health and substance abuse) outpatient treatment, as directed by the probation officer. |
| **(Special Condition)** Participate in a program of mental health treatment, as directed by the probation officer. | |
| **(Standard Conditions)** The defendant must follow the instructions of the probation officer related to the conditions of supervision. | |

***Grounds for Revocation:*** As to allegation 2, on March 17, 2021, this officer sent an email to Mr. Skea at his reported email address (davidskea6951@gmail.com), as he indicated to the probation officer that he did not have

PROB12(C)
Name of Offender: David Skea  April 15, 2021
Docket No.: 20CR01307-001-GPC  Page 3

a phone at that time. In the email, the probation officer directed Mr. Skea to report to the Jane Weston Wellness Center by March 24, 2021, to obtain a referral for the Areta Crowell Center dual diagnosis outpatient treatment program. On March 24, 2021, Mr. Skea, phoned the probation officer from a phone which he claimed was his. During the conversation, Mr. Skea indicated that he had not enrolled in a treatment program.

| (Standard Condition) The defendant must report to the probation officer as instructed. | 3. On March 25, 2021, Mr. Skea failed to report to the office as directed by the probation officer. |
|---|---|

***Grounds for Revocation:*** As to allegation 3, during the aforementioned conversation with Mr. Skea on March 24, 2021, the probation officer directed Mr. Skea to report to the probation office to discuss his missed urinalysis tests from March 23, 2021, as well as his failure to enroll in outpatient treatment. Mr. Skea acknowledged the officer's directive. The next day, he failed to report to the office as directed. This officer has been unable to contact Mr. Skea since that time, despite multiple attempts, and his current whereabouts are unknown. It should be noted that on April 8, 2021, this officer again attempted to contact Mr. Skea at his reported J Street residence. During the home contact, Mr. Skea's roommate indicated that she had not seen Mr. Skea in about four days. Later that same day, Mr. Skea's roommate phoned the probation officer and stated that she spoke to Mr. Skea, and that he reportedly told her he did not "give a crap" about probation and that he was not going to call his probation officer.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Skea released from the Bureau of Prisons on March 8, 2021. At the onset of supervision, Mr. Skea moved into a residence with a long-time friend and her family, and the environment appeared to be a stable one. On March 16, 2021, Mr. Skea met with this officer for an initial interview and following the interview, Mr. Skea submitted a urinalysis which screen negative for controlled substances. This meeting represents the probation officer's only in-person contact with Mr. Skea since his release from custody. On March 17, 2021, this officer sent an email to Mr. Skea, directing him to report for dual diagnosis outpatient treatment by March 24, 2021, and his supervised release appeared to be progressing. However, on March 23, 2021, he failed to report for a urinalysis test, and he failed to report to the dual diagnosis treatment program by the March 24, 2021 deadline. On March 24, 2021, this officer spoke with Mr. Skea and directed him to report to the probation office the next morning to discuss his first missed test and failure to report for treatment, and Mr. Skea acknowledged this directive. Mr. Skea then failed to report for that meeting and subsequent attempts to contact him have been unsuccessful. This officer attempted to contact Mr. Skea on April 5, 2021, via the phone number provided by Mr. Skea, but there was no answer and the voicemail box noted a different name as the phone's carrier. That same day, this officer sent a text message to Mr. Skea's roommate, asking her to have Mr. Skea contact the probation officer. The officer was subsequently told by the roommate that she had delivered the message to Mr. Skea. This officer also attempted to contact Mr. Skea at his reported J Street residence on April 8, 2021; however, Mr. Skea was not home and his roommate said she had not seen him in approximately four days. Later that day, Mr. Skea's roommate contacted the probation officer and stated that Mr. Skea told her that he did not care about probation and was not going to call his probation officer. Lastly, Mr. Skea has failed to appear for his last four drug tests and has not called the drug testing line since he was enrolled in testing on March 18, 2021.

In short, Mr. Skea has not made himself readily available for supervision and his current whereabouts are unknown. As such, his adjustment is considered poor at present time.

PROB12(C)
Name of Offender: David Skea
Docket No.: 20CR01307-001-GPC

April 15, 2021
Page 4

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Skea is a 38-year-old man who relocated to San Diego County approximately 10 years ago. He grew up in a chaotic environment, marked by abuse and addiction, which appears to have spurned much of his substance abuse and criminal activity. He is divorced and has an 11-year-old son, who resides with his mother in Arizona.

Mr. Skea's criminal history dates back to age 18 and includes convictions for numerous and varied offenses including trespassing, providing a false identification to officers, malicious mischief, violating a no-contact order, driving under the influence, driving without a valid license, possession of a controlled substance (multiple incidents), vehicle theft (multiple incidents). Moreover, he has law enforcement contacts involving drugs, domestic violence, vehicle theft, and driving without a valid license. He has also sustained numerous probation and parole violations and has essentially been in and out of the criminal justice system since age 18.

Mr. Skea's marijuana and methamphetamine use dates back to approximately age 15. He was reportedly clean for two different seven-year periods while in romantic relationships; however, he was using drugs in the period leading up to his arrest in the instant offense.

While on supervision, Mr. Skea reportedly obtained employment as a demolition worker; however, this was never verified. Aside from this work, his most recent reported employment, was in 2017.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (Failure to Drug Test, Failure to Complete Drug Treatment, Failure to Complete Mental Health Treatment, Failure to Follow the Instructions of the Probation Officer, and Failure to Report as Directed) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

PROB12(C)

| | |
|---|---|
| Name of Offender: David Skea | April 15, 2021 |
| Docket No.: 20CR01307-001-GPC | Page 5 |

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>36 months'</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Skea has failed to report for drug testing on four different occasions, failed to report for dual diagnosis outpatient treatment, and failed to report to the probation officer as directed. This officer has been unable to contact Mr. Skea since March 24, 2021, despite multiple attempts, and his current whereabouts are unknown. In summation, he has not made himself readily available for supervision. This current noncompliance, coupled with his criminal and substance abuse history, presents a risk to the community, and suggests that a bench warrant is necessary to ensure his appearance before the Court.

## RECOMMENDATION/JUSTIFICATION

Ms. Skea's repeated failures to satisfy his conditions of supervision at this early stage have created significant concern for this officer. Furthermore, his actions demonstrate that, as was the case during prior probationary and parole periods, he is once again not taking his supervision term seriously and has done nothing to indicate that he is ready to address his poor decision-making abilities. Consequently, should the allegations herein be sustained, it is recommended supervision be revoked and Mr. Skea be sentenced to 8 months' custody with 28 months' supervised release to follow. This low-end sentence will account for Mr. Skea's violation conduct, while also allowing him to transition back into the community and address his addictions through a formal treatment program.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>April 15, 2021</u>

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Jacob Courts
U.S. Probation Officer
(619) 557-5382

Reviewed and approved:

_____
FOR Paula D. Burke
Supervisory U.S. Probation Officer

*mq*

PROB12CW

April 15, 2021

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Skea, David

2. **Docket No. (Year-Sequence-Defendant No.):** 20CR01307-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to Appear for Drug Testing | C |
| Failure to Complete Drug Treatment | C |
| Failure to Complete Mental Health Treatment | C |
| Failure to Follow the Instructions of the Probation Officer | C |
| Failure to Report as Directed | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ VI ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 8 to 14 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)
Name of Offender: David Skea
Docket No.: 20CR01307-001-GPC

April 15, 2021
Page 7

## THE COURT ORDERS:

✓ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____
The Honorable Gonzalo P. Curiel
U.S. District Judge

04/19/21
Date